T.C. Summary Opinion 2006-145


UNITED STATES TAX COURT


DARIN WARFIELD AND SHARON HARDIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16306-05S.          Filed September 13, 2006.


Darin Warfield and Sharon Hardin, pro se.

<u>James H. Harris, Jr.</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to section 7463[1] in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $2,772 for 2002 and $4,499 for 2003, and an accuracy-related penalty under section 6662(a) of $899.80 for 2003. After concessions by the parties,[2] the issues for decision are: (1) Whether petitioners are entitled to deduct $1,790 and $9,040 in cash charitable contributions on their 2002 and 2003 returns, respectively;[3] (2) whether petitioners are entitled to deduct a $500 noncash charitable contribution on each of their 2002 and 2003 returns; and (3) whether petitioners are liable for the section 6662(a) accuracy-related penalty for 2003.

Some facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioners resided in Coatesville, Pennsylvania.

---

[2] Respondent disallowed deductions for student loan interest in 2002 and 2003 but has since conceded those deductions. Respondent disallowed an education credit of $1,500 for 2002 and $1,164 for 2003. Petitioners stipulated that they did not have any qualified higher education expenses in 2002 or 2003. Respondent determined unreported pension or annuity income of $2,015 for 2003 but was unable to verify these amounts from the third parties and conceded that issue.

[3] Respondent originally disallowed petitioner's entire deductions for cash charitable contributions of $7,100 in 2002 and $15,000 for 2003, but respondent and Sharon Hardin have stipulated that Ms. Hardin made $5,310 and $5,960 in charitable contributions to Hutchinson Memorial U.A.M.E. Church in 2002 and 2003, respectively.

Petitioners timely filed returns for the taxable years 2002 and 2003. Petitioners' returns were prepared by Chester Muhammad.

During the examination, petitioners provided respondent's agent with computerized lists showing contributions allegedly made to the Calvary Bible Church (the church) by Darin Warfield and by Sharon Hardin during 2002 and 2003. The lists for Darin Warfield show cash contributions of $103 on January 6, 2002, and $97 every week thereafter (totaling $5,050) in 2002, and cash contributions of $135 on January 5, 2003, and $126 every week thereafter (totaling $6,561) in 2003. The lists for Sharon Hardin show the same amounts contributed in both 2002 and 2003 as the lists for Darin Warfield. None of the lists provided by petitioners are dated or signed by a member of the church. Petitioners provided to respondent's counsel identical lists for 2002 and 2003 except for the fact that the caption "Calvary Bible Church" had been eliminated. Subsequently, Sharon Hardin provided substantiation for contributions that she made to Hutchinson Memorial U.A.M.E. Church. See supra note 3.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115

(1933).  Pursuant to section 7491(a), the burden of proof as to factual issues may shift to the Commissioner where the taxpayer introduces credible evidence and complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for witnesses, documents, and other information.  Petitioners have not met the requirements of section 7491(a) because they have not met the substantiation requirements or introduced credible evidence regarding the deductions at issue.

1.   Charitable Deductions

Deductions are strictly a matter of legislative grace and the taxpayer bears the burden of proving entitlement to the claimed deduction.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 170(a) allows as a deduction any charitable contribution the payment of which is made within the taxable year.  Deductions for charitable contributions are allowable only if verified under regulations prescribed by the Secretary.  Sec. 170(a)(1).  In general, the regulations require a taxpayer to maintain for each contribution of money one of the following:  (1) A canceled check; (2) a receipt from the donee;[4]

---

[4] A receipt is required to contain the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

or, in the absence of a check or receipt; (3) other reliable written records.  Sec. 1.170A-13(a)(1), Income Tax Regs.

For a contribution of property other than money, taxpayers must maintain, for each contribution, a receipt showing the name of the donee, the date and location of the contribution, and a description of the property.  Sec. 1.170A-13(b)(1), Income Tax Regs.  Where it is impractical to obtain a receipt, taxpayers must maintain other written records indicating the name and address of the donee, the date and location of the donation, a description of the property, and its fair market value at the time the contribution was made.  Id.; sec. 1.170A-13(b)(2)(ii), Income Tax Regs.

Section 1.170A-13(a)(2)(i), Income Tax Regs., which applies to both money and property contributions, provides special rules to determine the reliability of records on the basis of all the facts and circumstances of the particular case and further provides factors to consider in making this determination, including:  (1) Whether the writing that evidences the contribution was written contemporaneously and (2) whether the taxpayer keeps regular records of the contributions.[5]

Petitioners produced no canceled checks or receipts of their cash contributions that are still at issue.  The only records

---

[5] Sec. 1.170A-13(b)(2)(i), Income Tax Regs., provides that the reliability rules for records of money contributions also apply to records of property contributions.

petitioners provided for the cash contributions still at issue were the lists, which were created by their tax accountant, showing weekly payments to the church.  Sharon Hardin admitted that these were prepared because she did not have any other proof at the time.  Petitioners provided no testimony or documentation regarding their deductions for noncash contributions.

We find that petitioners failed to provide reliable evidence to prove that they made the charitable contributions still in dispute.  We hold that petitioners are not entitled to any deductions for charitable contributions in excess of the amounts conceded by respondent.

2.   Section 6662(a)

With respect to the accuracy-related penalty under section 6662(a), the Commissioner has the burden of production.  Sec. 7491(c).  To prevail, the Commissioner must produce sufficient evidence that it is appropriate to apply the penalty to the taxpayer.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner meets his burden of production, the taxpayer bears the burden of supplying sufficient evidence to persuade the Court that the Commissioner's determination is incorrect.  Id. at 447.

Section 6662(a) provides an accuracy-related penalty equal to 20 percent of the underpayment required to be shown on a return due to negligence or disregard of rules or regulations.

Sec. 6662(b)(1). For purposes of section 6662, the term "negligence" includes "any failure to make a reasonable attempt to comply with the provisions of * * * [the Code], and the term 'disregard' includes any careless, reckless, or intentional disregard." Sec. 6662(c). "Negligence" also includes any failure by a taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b), Income Tax Regs.

An accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); see Higbee v. Commissioner, supra at 448. This determination is made based on all the relevant facts and circumstances. Higbee v. Commissioner, supra at 448; sec. 1.6664-4(b)(1), Income Tax Regs. "Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant." Higbee v. Commissioner, supra at 448-449.

Petitioners have failed to keep adequate records or to substantiate properly the items in question. Respondent has provided sufficient evidence to meet his burden of production. Petitioners have not produced evidence to prove that respondent's determination of negligence is incorrect. We hold that

petitioners are liable for the accuracy-related penalty under section 6662.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.